

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JESSE WOODRUFF JONES,

    Plaintiff,

vs.

                              CIVIL ACTION NO.: CV505-079

TODD THOMAS, Warden,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was formerly incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Todd Thomas ("Defendant") violated his constitutional rights. On August 23, 2006, Defendant filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant had filed a Motion for Summary Judgment and that a response must be filed by December 4, 2006.[1] (Doc. No. 28.) That Notice further advised Plaintiff that:

1.     If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2.     If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

---

[1] The Notice sent by the Clerk of Court indicates that Plaintiff had 23 days from November 9, 2006, the date of the Notice, to file any desired response to Defendant's Motion for Summary Judgment. (Doc. No. 28.) However, 23 days from November 9, 2006, would have been December 2, 2006. Because this date was a Saturday, Plaintiff had until the following Monday, December 4, 2006, to file any desired response. See FED. R. CIV. P. 6(a).

AO 72A
(Rev. 8/82)

    3.      If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response to Defendant's Motion for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff contends that an outside orthopedic provider took his State-issued boots to fit them for a lift in one of the boots but did not return the boot for an extended period of time, despite Plaintiff's requests and the filing of grievances. Plaintiff asserts that Defendant, the Warden at Coffee Correctional Facility, denied his grievances pertaining to his requests for medical treatment. Plaintiff asserts that Defendant directly participated in delaying his access to medical treatment by denying these grievances.

Defendant alleges that he was not deliberately indifferent to Plaintiff's medical needs. Defendant also alleges that Plaintiff seeks to hold him liable based solely on his position as Warden.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the

AO 72A
(Rev. 8/82)

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Defendant avers that Plaintiff merely contends that an outside medical provider took his boots to place an orthopedic lift in one of them and did not return them for an extended period of time. Defendant asserts that Plaintiff fails to allege that this action was undertaken at Defendant's direction. In fact, Defendant contends, Plaintiff asserts that his boots were taken while he was housed at another institution prior to his transfer to Coffee

3

Correctional Facility.  Defendant asserts that Plaintiff cannot satisfy either prong of the deliberate indifference to a serious medical need standard.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates.  This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component.  Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).  The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290).  Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000).  In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted).  As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Defendant contends that he referred the matter Plaintiff raised in his grievance to the prison's medical staff.  Defendant also contends that the information he was provided

4

indicated that Plaintiff's medical needs were being addressed, and that is the reason Defendant denied Plaintiff's grievance. Defendant asserts that he was not aware, nor could he infer, that Plaintiff faced a substantial risk of harm. In sum, Defendant alleges that Plaintiff cannot show that he satisfies the subjective prong of the deliberate indifference standard.

In support of his Motion for Summary Judgment, Defendant submitted Standard Operating Procedure ("SOP") VH02-0002, which provides that "All matters of medical judgement are the sole provinces of the physician. Non-medical personnel will not make matters of medical judgment." (Def.'s Ex. C, SOP VH02-0002, § VI(C).) Defendant also submitted his affidavit in which he states that non-medical personnel such as himself do not make medical decisions regarding inmate medical care or related needs. . . . Because this was an area outside my skills, I looked to our medical staff regarding [Plaintiff's] medical issue." (Def.'s Ex. A, ¶ 3.) Defendant has also submitted a Statement of Material Facts in support of his Motion for Summary Judgment. In contrast, Plaintiff has submitted nothing to establish the existence of a genuine issue of material fact as to whether Defendant was deliberately indifferent to his serious medical needs.

It is unnecessary to address the remaining ground of Defendant's Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's unopposed Motion for Summary Judgment (Doc. No. 24) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE